**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA**

| | |
|---|---|
| BROWN COMMERCIAL CONSTRUCTION COMPANY, CONCRETE SPECIALTY, INC., and VANDERHELM CONSTRUCTION, INC., on behalf of themselves and all others similarly-situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GCC ALLIANCE CONCRETE, INC., SIOUXLAND CONCRETE COMPANY,  VS HOLDING COMPANY, STEVEN KEITH VANDE BRAKE, GREAT LAKES CONCRETE, INC., and KENT ROBERT STEWART,<br><br>Defendants. | Case No. 5:10-cv-04056-MWB<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

Plaintiffs Brown Commercial Construction Company, Concrete Specialty, Inc., and VanderHelm Construction, Inc. (collectively "Plaintiffs"), on behalf of themselves and all others similarly-situated, by counsel, bring this action for treble damages and injunctive relief under the antitrust laws of the United States, demanding a trial by jury, and make the following allegations based on information, belief, and investigation of counsel, except those allegations that pertain to Plaintiffs, which are based on personal knowledge:

**SUMMARY OF CLAIMS**

1.  This lawsuit is brought as a class action on behalf of all individuals and entities who purchased Ready-Mixed Concrete directly from any of the defendants or their unnamed co-conspirators yet to be identified, or any predecessors, parents, subsidiaries, or affiliates thereof, from at least January 1, 2006 through at least April 26, 2010. Plaintiffs allege that defendants

and their co-conspirators entered into and engaged in a combination and conspiracy to suppress and eliminate competition by fixing the price of Ready-Mixed Concrete.  The combination and conspiracy constituted an unreasonable restraint of trade under federal antitrust law.

2. Defendants and their co-conspirators carried out their unlawful combination by, *inter alia*, engaging in discussions about the price at which they would sell Ready-Mixed Concrete or submit bids for the sale of Ready-Mixed Concrete, agreeing to specific pricing levels for the sale of Ready-Mixed Concrete, issuing price announcements or price quotations for the sale of Ready-Mixed Concrete based on their agreements, rigging bids for the sale of Ready-Mixed Concrete at collusive and noncompetitive prices, and selling and receiving payment for Ready-Mixed Concrete at agreed-upon supracompetitive prices.

3. As a result of the unlawful conduct of defendants and their co-conspirators, Plaintiffs and the other members of the Class paid artificially inflated prices for Ready-Mixed Concrete and have suffered antitrust injury to their business or property.

## JURISDICTION AND VENUE

4. Plaintiffs bring this action for treble damages, costs of suit, attorneys' fees, and injunctive relief under Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15 and 26, for the injuries sustained by Plaintiffs and members of the Class arising from violations of Section 1 of the Sherman Act, 15 U.S.C. § 1.

5. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1337, and Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15(a) and 26.

6. Venue in this District is proper pursuant to Sections 4, 12 and 16 of the Clayton Act, 15 U.S.C. §§ 15, 22 and 26, and 28 U.S.C. § 1391.  The combination and conspiracy charged in this Complaint were carried out in substantial part within this District.  Defendants are

found, or transact business within, this District, and the trade and commerce described in this Complaint were carried out in substantial part within this District.

## DEFINITIONS

7.  As used herein, the following terms have the meanings set forth below:

   A.  "Class" includes all Persons who purchased Ready-Mixed Concrete directly from any of the defendants or any of their co-conspirators, or any predecessors, parents, subsidiaries, or affiliates thereof, at any time during the Class Period, but excluding defendants, their co-conspirators, their respective parents, subsidiaries, and affiliates, and federal, state, and local government entities and political subdivisions.

   B.  "Class Period" means the period from at least January 1, 2006 through at least April 26, 2010.

   C.  "Ready-Mixed Concrete" means a product comprised of cement, sand, gravel, water, and occasionally additional additives. Ready-Mixed Concrete can be made on demand and shipped to work sites by concrete mixer trucks.

   D.  "Person" means any individual, partnership, corporation, limited liability company, or other business or legal entity.

## THE PARTIES

8.  Plaintiff Brown Commercial Construction Company is an Iowa corporation with its principal place of business located in North Sioux City, South Dakota, that purchased Ready-Mixed Concrete directly from one or more defendants during the Class Period.

9.     Plaintiff Concrete Specialty, Inc. is a Nebraska corporation with its principal place of business located in South Sioux City, Nebraska, that purchased Ready-Mixed Concrete directly from one or more defendants during the Class Period.

10.    Plaintiff VanderHelm Construction, Inc. is an Iowa corporation with its principal place of business located in Hawarden, Iowa, that purchased Ready-Mixed Concrete directly from one or more defendants during the Class Period.

11.    Defendant GCC Alliance Concrete, Inc. ("Alliance") is an Iowa corporation with its principal place of business in Orange City, Iowa.  Alliance is the successor company to Alliance Concrete, formed by a 2005 merger of Joe's Ready Mix and Russell's Ready Mix. During the Class Period, Alliance produced and sold Ready-Mixed Concrete to members of the class, including class members located in this District.  Alliance's registered agent for service of process in the State of Iowa is Cesar Conde, 412 8th St. SW, Orange City, Iowa 51041.

12.    Defendant VS Holding Company is an Iowa Corporation with its principal place of business in Sioux Center, Iowa.  VS Holding Company was formerly known as Alliance Concrete, Inc., an Iowa Corporation that changed its name to VS Holding Company by Articles of Amendment filed with the Iowa Secretary of State on January 14, 2008.  Alliance Concrete, Inc. and VS Holding Company have conducted business during the Class Period under their own names and various trade names, including but not limited to, Alliance Concrete of Lake Park, Alliance Concrete of Spencer, Alton Well & Concrete Co., Inc., Joe's Ready Mix, Inc., Lake Ready Mix, Lake Ready Mix of Lake Park, Lake Ready Mix of Spencer, and Russell's Ready Mix, Inc.  Unless otherwise noted, VS Holding Company and Alliance Concrete, Inc., including their subsidiaries, predecessors, affiliates and trade names, are referred to collectively herein as

"VS Holding." During the Class Period, VS Holding produced and sold Ready-Mixed Concrete to members of the class, including class members located in this District.

13. Defendant Siouxland Concrete Co. ("Siouxland") is a Nebraska corporation with its principal place of business in South Sioux City, Nebraska. During the Class Period, Siouxland produced and sold Ready-Mixed Concrete to members of the class, including class members located in this District. Siouxland's registered agent for service of process in the State of Iowa is CT Corporation System, 500 East Court Avenue, Des Moines, Iowa 50309.

14. Defendant Steven Keith Vande Brake ("Vande Brake") is an individual citizen of Iowa who was an officer, director and/or employee of Alliance during the Class Period.

15. Great Lakes Concrete, Inc. ("Great Lakes") is an Iowa corporation with its principal place of business in Spencer, Iowa. During the Class Period, Great Lakes produced and sold Ready-Mixed Concrete to members of the class, including class members located in this District. Great Lake's registered agent for service of process in the State of Iowa is Kent Stewart, Hwy 71 N., P.O. Box 219, Spencer, IA 51301.

16. Kent Robert Stewart ("Stewart") is an individual citizen of the State of Iowa who was an officer, director and/or employee of Great Lakes during the Class Period.

17. Various other persons, firms and corporations not named as defendants herein have participated as co-conspirators with the defendants, and have performed acts in furtherance of the conspiracy. These co-conspirators may be identified as this litigation proceeds and Plaintiffs may amend their complaint to add them as named defendants, if appropriate. Upon information and belief, defendants' co-conspirators include, but may not be limited to, other Iowa companies from which members of the Class purchased Ready-Mixed Concrete directly during the Class Period.

## TRADE AND COMMERCE

18.     During all or part of the Class Period, defendants and their co-conspirators produced and/or sold Ready-Mixed Concrete to purchasers in the United States, including without limitation purchasers in the State of Iowa.  These business activities substantially affected interstate trade and commerce.  Moreover, the Ready-Mixed Concrete produced and sold by defendants is comparable to and interchangeable with the Ready-Mixed Concrete produced and/or sold by their competitors.

## CLASS ACTION ALLEGATIONS

19.     Plaintiffs bring this action on behalf of themselves and, under Federal Rule of Civil Procedure 23(b)(2) and (b)(3), as representative of the following Class:

> All Persons who purchased Ready-Mixed Concrete directly from any of the defendants or any of their co-conspirators, or any predecessors, parents, subsidiaries, or affiliates thereof, at any time during the Class Period, but excluding defendants, their co-conspirators, their respective parents, subsidiaries, and affiliates, and federal, state, and local government entities and political subdivisions.

20.     Plaintiffs do not know the exact size of the Class but allege that defendants and their co-conspirators possess such information.  Given the trade and commerce involved, including the sale by Alliance of at least tens of millions of dollars in Ready-Mixed Concrete during the Class Period, Plaintiffs allege on information and belief that the Class numbers at least in the hundreds so that joinder of all members is impracticable.

21.     There are questions of law and fact common to the Class, including the existence, scope, and efficacy of the conspiracy alleged.

22.     Plaintiffs are members of the Class, and their claims are typical of the claims of Class members generally. Plaintiffs' claims arise from the same conduct giving rise to the claims of the Class, and the relief Plaintiffs seek is common to the Class.

23.     Plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs are represented by competent counsel experienced in the prosecution of class action antitrust litigation, including antitrust claims against Ready-Mixed Concrete manufacturers. Plaintiffs' interests coincide with, and are not antagonistic to, those of the Class.

24.     Questions of law and fact common to all class members predominate over any questions affecting only individual class members. Predominating common questions include, without limitation:

    A.     whether defendants and their co-conspirators conspired to fix, raise, stabilize or maintain the price of Ready-Mixed Concrete;

    B.     the scope and extent of the conspiracy;

    C.     whether the conspiracy affected the prices of Ready-Mixed Concrete paid by class members during the Class Period;

    D.     the identity of each member of the conspiracy;

    E.     the time period during which the conspiracy existed;

    F.     whether the combination, agreement or conspiracy violated Section 1 of the Sherman Act;

    G.     whether Plaintiffs and other members of the Class are entitled to declaratory or injunctive relief;

    H.     the appropriate measure of damages sustained by Plaintiffs and other members of the Class; and

       I.      whether defendants and their co-conspirators affirmatively and fraudulently concealed the conspiracy.

25.    A class action is superior to any other available method for the fair and efficient adjudication of this controversy. Indeed, it is the only realistic method for litigating the large number of claims at issue herein. Class treatment will permit a large number of similarly-situated persons to prosecute their common claims in a single forum simultaneously and efficiently. There are no difficulties likely to be encountered in the management of this lawsuit that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of the controversy.

26.    Defendants and their co-conspirators have acted on grounds generally applicable to the Class, thereby making final injunctive relief appropriate with respect to the Class as a whole.

## VIOLATIONS ALLEGED

27.    Throughout the Class Period, defendants and their co-conspirators engaged in a continuing combination and conspiracy in unreasonable restraint of trade and commerce in Ready-Mixed Concrete in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1.

28.    This combination and conspiracy consisted of agreements, understandings and concerted action among defendants and their co-conspirators, the substantial objective of which was to raise and maintain at artificially high levels the prices of Ready-Mixed Concrete.

29.    For the purpose of forming and effectuating their combination and conspiracy, defendants and their co-conspirators did those things which they combined and conspired to do, including, among other things, discussing, forming and implementing agreements to raise and maintain at artificially high levels the prices for Ready-Mixed Concrete.

30. On April 26, 2010, defendant Vande Brake was charged by the United States of America in an Information filed in the United States District Court for the Northern District of Iowa in *United States of America v. Steven Keith VandeBrake a/k/a Steve VandeBrake*, Criminal Case No. CR10-4025 MWB, with violations of Section One of the Sherman Act, 15 U.S.C. § 1. On May 4, 2010, Vande Brake entered a plea of guilty to these charges pursuant to a plea agreement with the United States Department of Justice ("DOJ").

31. Vande Brake has admitted under oath that he and certain co-conspirators, including other individuals and at least three corporations other than Alliance, entered into and engaged in a combination and conspiracy to suppress and eliminate competition by fixing prices and rigging bids for sales of Ready-Mixed Concrete by, *inter alia*: (i) engaging in discussions concerning price increases for the conspirators' price lists for Ready-Mixed Concrete; (ii) agreeing during those discussions to raise prices on their respective price lists for Ready-Mixed Concrete; (iii) engaging in discussions concerning project bids for sales of Ready-Mixed Concrete; (iv) agreeing during those discussions to submit rigged bids for sales of Ready-Mixed Concrete at collusive and noncompetitive prices; (v) submitting bids and selling Ready-Mixed Concrete at collusive and noncompetitive prices; and (vi) accepting payment for sales of Ready-Mixed Concrete at collusive and noncompetitive prices.

32. As set forth in the press release of the DOJ, the charges against defendant Vande Brake are part of an ongoing federal antitrust investigation of the Ready-Mixed Concrete industry in Iowa and its surrounding states.

33. On May 6, 2010, defendant Stewart was charged by the United States of America in an Information filed in the United States District Court for the Northern District of Iowa in *United States of America v. Kent Robert Stewart a/k/a Kent Stewart*, Criminal Case No. CR10-

4028 DED, with violations of Section One of the Sherman Act, 15 U.S.C. § 1. On May 24, 2010, Stewart Brake entered a plea of guilty to these charges pursuant to a plea agreement with the DOJ.

34. Stewart has admitted under oath to entering and engaging in a combination and conspiracy with certain competitors to suppress and eliminate competition by fixing prices and rigging bids for sales of Ready-Mixed Concrete by, *inter alia*: (i) engaging in discussions concerning project bids for sales of ready-mixed concrete; (ii) agreeing during those discussions to submit rigged bids at collusive and noncompetitive prices to customers; (iii) submitting bids and selling ready-mixed concrete at collusive and noncompetitive prices; and (iv) accepting payment for sales of ready-mixed concrete at collusive and noncompetitive prices.

35. As a result of the combination and conspiracy between defendants and their co-conspirators, the prices of Ready-Mixed Concrete paid by the Plaintiffs and Class members were artificially sustained or increased.

36. The conduct of defendants and their co-conspirators was undertaken for the purpose and with the specific intent of raising and maintaining prices of Ready-Mixed Concrete and eliminating competition, in *per se* violation of Section 1 of the Sherman Act.

**FRAUDULENT CONCEALMENT**

37. Throughout the Class Period, defendants and their co-conspirators intended to and did affirmatively and fraudulently conceal their wrongful conduct and the existence of their unlawful combination and conspiracy from Plaintiffs and other members of the Class, and intended that their communications with each other and their resulting actions be kept secret from Plaintiffs and other Class members.

38.     Defendants discussed and formed their anticompetitive agreements during secret meetings and conversations.  No one other than the co-conspirators was invited or present at these meetings or conversations.  Defendants conducted these meetings and conversations in secrecy to prevent the discovery of their conspiracy by members of the Class.

39.     Plaintiffs and members of the Class could not have discovered the combination and conspiracy alleged herein at any earlier date by the exercise of reasonable due diligence, because of the deceptive practices and techniques of secrecy employed by defendants and their co-conspirators to avoid detection of and affirmatively conceal their actions.

40.     Based on the foregoing, customers of defendants and their co-conspirators, including Plaintiffs and members of the Class, were unaware that prices for Ready-Mixed Concrete had been artificially raised and maintained as a result of the wrongful conduct as alleged in this Complaint until at least the filing of the criminal Information against defendant Vande Brake.

### DAMAGES TO PLAINTIFFS AND MEMBERS OF THE CLASS

41.     As a direct result of the unlawful conduct alleged in this Complaint, prices for Ready-Mixed Concrete sold by defendants and their co-conspirators were fixed and maintained at artificially high and noncompetitive levels.  Plaintiffs and members of the Class were not able to purchase Ready-Mixed Concrete at prices determined by free and open competition, and consequently have been injured in their business and property in that, *inter alia*, they have paid more for Ready-Mixed Concrete than they would have paid in a free, open, and competitive market.  As a result of defendants' wrongful conduct, Plaintiffs and the other members of the Class have suffered substantial damages in an amount to be determined at trial.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs request:

  A. That the Court determine that this action may be maintained as a class action under Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure, that the Court determine that Plaintiffs are adequate and appropriate representatives of the class, that the Court designate Plaintiffs' attorneys as counsel for the class, and that the Court direct that the best notice practicable under the circumstances be given to members of the Class pursuant to Rule 23(c)(2).

  B. That the Court adjudge and decree that defendants and their co-conspirators engaged in an unlawful combination and conspiracy in violation of Section 1 of the Sherman Act.

  C. That the Court adjudge and decree that defendants and their co-conspirators are jointly and severally liable to Plaintiffs and the Class for three-fold the damages resulting from their conduct.

  D. That the Court enter judgment for Plaintiffs and the Class against defendants and their co-conspirators and each of them, jointly and severally, for three times the amount of damages sustained by Plaintiffs and the Class as allowed by law, together with the costs of this action, including reasonable attorneys' fees.

  E. That defendants and their co-conspirators, their respective affiliates, successors, transferees, assignees and the officers, directors, partners, agents and employees thereof, and all other persons acting or claiming to act on their behalf, be restrained from, in any manner:

        1.    continuing, maintaining or renewing any contract, combination or conspiracy alleged herein, or engaging in any other contract, combination or conspiracy having a similar purpose or effect, and adopting or following any practice, plan, program or device having a similar purpose or effect; and

        2.    communicating or causing to be communicated to any other person engaged in the production, distribution or sale of any product that defendants and their co-conspirators also produce, distribute or sell, including Ready-Mixed Concrete, information concerning prices or other terms or conditions of any such product, except to the extent necessary in connection with a *bona fide* sales transaction between parties to such communications.

    F.    That the Court grant such additional relief as may be deemed just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(a) of the Federal Rules of Civil Procedure, Plaintiffs demand a jury trial as to all issues triable by a jury.

DATED: June 14, 2010

Respectfully submitted,

| | |
|---|---|
| /s/ Steven P. Wandro | /s/ Jeffrey T. Myers |
| Steven P. Wandro | Jeffrey T. Myers |
| WANDRO, BAER & McCARTHY, P.C. | HUTCHISON, MYERS, ECKERT & VOHS |
| 2501 Grand Avenue | 705 Douglas Street, Suite 402 |
| Des Moines, IA 50312 | Sioux City, IA 51101 |
| Telephone: (515) 281-1475 | Telephone: (712) 255-0001 |
| Facsimile: (515) 281-1474 | Facsimile: (712) 255-3047 |
| swandro@2501grand.com | jeffreymyerslaw@ao1.com |

/s/ Irwin B. Levin
Irwin B. Levin
Richard E. Shevitz
Scott D. Gilchrist
Eric S. Pavlack
COHEN AND MALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, IN  46204
Telephone: (317) 636-6481
Facsimile: (317) 636-2593
ilevin@cohenandmalad.com
rshevitz@cohenandmalad.com
sgilchrist@cohenandmalad.com
epavlack@cohenandmalad.com

Robert N. Kaplan
Jason A. Zweig
KAPLAN FOX & KILSHEIMER LLP
850 Third Avenue, 14th Floor
New York, NY 10022
Telephone: (212) 687-1980
Facsimile: (212) 687-7714
rkaplan@kaplanfox.com
jzweig@kaplanfox.com

James W. Redmond
John C. Gray
HEIDMAN LAW FIRM, LLP
1128 Historic Fourth Street
P.O. Box 3086
Sioux City, IA 51102
Telephone:  (712) 255-8838
Facsimile:  (712) 258-6714
jim.redmond@heidmanlaw.com
john.gray@heidmanlaw.com

James H. Pickner
PICKNER LAW OFFICE, P.C.
926 Avenue F
Hawarden, IA 51023-0113
picknerlaw@acsnet.com

/s/ Vincent J. Esades
Vincent J. Esades
Renae D. Steiner
HEINS MILLS & OLSON, P.L.C.
310 Clifton Avenue
Minneapolis, MN 55403
Telephone: (612) 338-4605
Facsimile: (612) 338-4692
vesades@heinsmills.com
rsteiner@heinsmills.com

Megan E. Jones
William P. Butterfield
Brian A. Ratner
Ralph J. Bunche
HAUSFELD LLP
1700 K Street, NW Suite 650
Washington, DC 20006
Telephone: (202) 540-7200
Facsimile: (202) 540-7201
mjones@hausfeldllp.com
wbutterfield@hausfeldllp.com
bratner@hausfeldllp.com
rbunche@hausfeldllp.com

Brian M. Sund
Jackson D. Bigham
MORRISON FENSKE & SUND, P.A.
5125 County Road 101, Suite 202
Minnetonka, MN 55345
Telephone: (952) 975-0050
Facsimile: (952) 975-0058
bsund@morrisonfenske.com
jbigham@morrisfenske.com